# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH M. JOHNSTON, CDCR #AZ-0346,<br><br>                              Plaintiff,<br><br>v.<br><br>RALPH DIAZ; SCOTT KERNAN; DANIEL PARAMO; PAT CAVELLO; LT. RODRIGUEZ; D. HOUGH; S. CHAT; D. JAIME; M. VOONG; JANE/JOHN DOES 1 THROUGH 6; RJD EMPLOYEES,<br><br>                            Defendants. | Case No.: 3:19-cv-0616-AJB-BLM<br><br>**ORDER:**<br><br>**1) DENYING MOTION FOR PRELIMINARY INJUNCTION;**<br><br>**2) DISMISSING DEFENDANTS FOR FAILING TO STATE A CLAIM; and**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT**<br><br>**[Doc. Nos. 10, 12]** |

**I.    Procedural History**

On March 29, 2019, Jeremiah M. Johnston ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1.

/ / /

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion for Preliminary Injunction. *See* Doc. Nos. 2, 5.

On April 30, 2019, the Court granted Plaintiff's Motion to Proceed IFP, denied his Motion for Preliminary Injunction, and dismissed the entire action for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. *See* Doc. No. 6. Plaintiff was granted leave to file an amended pleading to correct the deficiencies the Court identified in its Order. *Id.*

On August 15, 2019, Plaintiff filed his First Amended Complaint ("FAC"), along with a Motion for Preliminary Injunction. *See* Doc. Nos. 10, 12.

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

As the Court previously informed Plaintiff, a complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires

2

3:19-cv-0616-AJB-BLM

the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Discussion

1. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

2. Defendant Voong

Plaintiff initially named Defendant Voong in his original Complaint. (Doc. No. 1 at 1, 4.) Plaintiff's entire original Complaint was dismissed on April 30, 2019 and he was given leave to file an amended pleading. (Doc. No. 6 at 12.) Plaintiff was cautioned that any "[d]efendants not named and any claim not re-alleged in his Amended Complaint

3

3:19-cv-0616-AJB-BLM

will be considered waived." (*Id.* citing .D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

In his FAC, Plaintiff no longer names Voong as a Defendant. Thus, the Court finds that Plaintiff has waived all claims against this Defendant and DISMISSES Defendant Voong from this action.

### 3. Defendant Lobenstein

The Court also finds that Plaintiff has failed to allege any claim against Defendant Lobenstein. Plaintiff's only allegations against Defendant Lobenstein, his treating psychologist, related to his allegation that he discussed with Lobenstein the prison officials' recommendation Plaintiff move to a general population yard. *See* FAC at 11. Plaintiff claims Defendant Lobenstein "advised him not to move because he would not be safe with all the violent gang members and life termers on that yard." *Id.*

In order to state an Eighth Amendment claim against Defendant Lobenstein, Plaintiff must allege that Defendant Lobenstein "kn[e]w of and disregard[ed] an excessive risk to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Here, Plaintiff alleges the opposite set of facts. He alleges that Defendant Lobenstein advised him to reject a transfer to another yard because Defendant Lobenstein believed Plaintiff would suffer harm if he were transferred. Plaintiff has set forth no factual allegations that Defendant Lobenstein disregarding an excessive risk to Plaintiff's health or safety. Therefore, Plaintiff's claims against Defendant Lobenstein are DISMISSED for failing to state a claim upon which relief may be granted.

#### 4. First Amendment and Eighth Amendment claims

However, the Court finds Plaintiff's FAC contains First and Eighth Amendment allegations against the remaining Defendants sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm,* 680 F.3d at 1123; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."); *Farmer*, 511 U.S. at 837 (failure to protect claims under the Eighth Amendment require a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety.").

Accordingly, the Court will direct U.S. Marshal service upon the remaining Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Motion for Preliminary Injunction

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only

"the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

At this time, United States Marshal has not yet effected service of the FAC on his behalf, and the named Defendants have no actual notice of either of Plaintiff's FAC or his motion for injunctive relief. Therefore, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over any Defendant at this time. *See* FED. R. CIV. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28.

Therefore, Plaintiff's Motion for Preliminary Injunction is DENIED without prejudice at this time.

**IV. Conclusion and Order**

Accordingly, the Court:

1. **DENIES** Plaintiff's Motion for Preliminary Injunction without prejudice (Doc. No. 12);

2. **DISMISSES** all claims against Defendants Voong as waived and claims against Defendant Lobenstein pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) for failing to state a claim upon which § 1983 relief can be granted;

3. **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (Doc. No. 10) as to the remaining Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of the Court's April 30, 2019 Order granting IFP status, a certified copy of his FAC and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

/ / /

/ / /

6

3:19-cv-0616-AJB-BLM

4. **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon the remaining named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: September 9, 2019

Hon. Anthony J. Battaglia
United States District Judge